IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GERMAINE R. RUDDICK,

    Plaintiff,

vs.                                    Case No. 4:12cv641-MW/CAS

KENNETH S. TUCKER,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this civil rights case on December 17, 2012. Doc. 1. Ruling on Plaintiff's in forma pauperis motion, doc. 2, was deferred because Plaintiff did not submit the required print-out of his prison inmate bank account, nor did Plaintiff properly file a financial affidavit and prisoner consent form. Docs. 2, 4. An Order was entered explaining what steps Plaintiff must take to proceed in this case. Doc. 4. Plaintiff filed objections, doc. 5, to that Order, but the document was construed as a motion for reconsideration and Plaintiff was given additional information on what he must do to be granted in forma pauperis status. Doc. 6. Plaintiff then filed "Objections to the District Judge," doc. 7, which were reviewed by District Judge Walker and Plaintiff was directed to comply with the prior Order. Doc. 8. Plaintiff then filed another motion for reconsideration, doc. 9, which was denied, doc. 10, and Plaintiff again directed to comply with the prior orders.

Plaintiff has now filed a document entitled "Objection to Court's Recommendation of Dismissal." Doc. 13. That document comes too soon as a recommendation of dismissal had not been entered in this case. However, Plaintiff simultaneously submitted a "Financial Status Report" along with the Objections. Doc. 14. In that document, Plaintiff contends he has had no deposits or withdrawals from his account. *Id.* Plaintiff also provided a copy of his inmate trust fund account which revealed a relatively high amount of legal liens against his account ($1,870.00) which prompted review of Plaintiff's litigation history. That review led to the discovery of case 4:11cv332-SPM/WCS in which it was discovered that Plaintiff was not entitled to in forma pauperis status.

As detailed in the report and recommendation, doc. 8 of that case, entered on August 4, 2011, Plaintiff had filed some twenty-two cases in the federal courts in the State of Florida, only two of which have been in the Northern District of Florida.[1] Plaintiff was incarcerated then, as he is now, at Florida State Prison in Starke, Florida, which is not within the territorial jurisdiction of the Northern District but, rather, within the Middle District of Florida. Although it was unnecessary to list all of Plaintiff's prior cases, judicial notice was taken that Plaintiff had initiated the following cases:

Case number 9:01cv8247, filed in the S.D. Fla; and dismissed on August 28, 2001, for failure to state a claim and under 28 U.S.C. § 1915(e)(2)(B)(iii).

Case number 9:00cv9144, filed in the S.D. Fla; and dismissed on April 23, 2001, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); dismissal was affirmed on appeal.

---

[1] One case was a § 2254 habeas petition, and the other was case number 4:11cv332, a civil rights case.

Case No. 4:12cv641-MW/CAS

Case number 1:00cv3724, filed in the S.D. Fla; and dismissed on May 10, 2001, for failure to state a claim, as frivolous, and for seeking monetary relief against a defendant immune from such relief under 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii); plaintiff's appeal was also dismissed as frivolous.

Furthermore, in case number 2:05cv433, the Court denied Plaintiff's motion to proceed in forma pauperis and it was dismissed on October 27, 2005, because Plaintiff had three strikes under 28 U.S.C. § 1915(g), and was not under imminent danger of serious physical injury. Doc. 9 of that case. Similarly, case 2:05cv472 was dismissed in the Middle District on October 10, 2005, for the same reasons (doc. 6 of that case), as was case 2:05cv474, which was dismissed on October 12, 2005.

Plaintiff is well aware that he is barred from proceeding with in forma pauperis status pursuant to 28 U.S.C. § 1915(g).[2] The instant complaint, doc. 1, does not allege facts showing Plaintiff is in imminent danger of serious physical injury. Indeed, the complaint is against the former Secretary of the Florida Department of Corrections who is not located with Plaintiff. Doc. 1. Plaintiff complains about an allegedly false arrest from 1997, a malicious prosecution, and a burden on his monetary transactions in the prison system. *Id.* Those claims do not bring him within the § 1915(g) exception.

---

[2] The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Therefore, because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, his request to proceed in forma pauperis, doc. 2, should be denied and this action dismissed. The dismissal should be without prejudice as Plaintiff may re-file this action and present these same allegations in a complaint for which he simultaneously pays the full $350.00 filing fee at the time of case initiation. See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that Plaintiff's complaint, doc. 1, be **DISMISSED** without prejudice, and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on May 2, 2013.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**